**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Dep Thi Tran, | : | |
| Debtor. | : | Bankruptcy No. 17-13861-MDC |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation of David A. Scholl, Esquire, Counsel for the Debtor (the "Application")[1] filed by David A. Scholl (the "Applicant"), counsel to Dep Thi Tran (the "Debtor"), in which the Applicant requests the allowance of compensation in the amount of $4,550.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant having been paid $1,000.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, upon the Applicant's certification that proper service has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 43.

**AND**, this case involving the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median).

**AND**, pursuant to L.B.R. 2016-3(a)(1), the court being authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $4,000.00 or less based on a "short form application," that does not require an itemization of time.

**AND**, this Court recognizing that the compensation requested by the Applicant exceeds the amount authorized pursuant to a short form application for a below-median debtor.

**AND**, this Court recognizing that where counsel is not authorized to file a short form application for compensation pursuant to L.B.R. 2016-3(a)(1), counsel must file a "long form application" that conforms substantially to L.B.F. 2016-3B.

**AND**, this Court finds that Applicant's time records attached to the Application as Exhibit B (the "Time Records") do not provide sufficient detail of the nature of tasks Applicant deems extraordinary matters that were billed at $200.00 per hour, and therefore fail to identify each service in sufficient detail to allow this Court to evaluate the reasonableness of his request. *See, e.g., In re Baker*, Bky. No. 01-24227, 2010 WL 153576, at *1 n.1 (Bankr. E.D.N.Y. Jan. 11, 2010) (observing that "otherwise insufficient descriptions of services often result in a denial or reduction in the amount of fees sought"); *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 245 (Bankr. N.D.N.Y. 1997) ("Entries such as 'telephone call with Mr. X' are insufficient descriptions of services as such entries fail to indicate the function, substance, necessity or benefit of the call with sufficient particularity to permit the court to evaluate whether or not the service is compensable.") (quotations and citations omitted); *In re R & B Institutional Sales, Inc.*, 65 B.R. 876, 881 (Bankr. W.D. Pa. 1986) ("Records which give no explanation of the substance of the activities performed are not compensable.") *quoting Matter of Affinito & Son, Inc.*, 63 B.R. 495 (W.D. Pa. 1986).

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $2,500.00 (the "Allowed Compensation"). *See* L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. A hearing shall be held on **October 25, 2018, at 11:30 a.m.**, in **Bankruptcy Courtroom No. 2, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA** (the "Hearing") to consider whether, pursuant to 11 U.S.C. §330(a)(2), this Court should award Applicant compensation that is less than the amount of compensation requested by the Application, and specifically whether and to what extent Applicant should be compensated for time identified in the Time Records as relating to extraordinary matters, totaling $2,050.00. At the Hearing, Applicant shall be prepared to identify with precision the services provided and benefit conferred with respect to each such time entry.

4. The Trustee is authorized to distribute to the Applicant the Allowed Compensation less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§ 330, 331, 503(b).

Dated: October 5, 2018

_____
HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

David A. Scholl, Esquire
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107